THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ANONYMOUS, Appellant.

Court of Special Sessions of the City of New York, Appellate Part, Second Department, June 20, 1952.

*Max Salorsy* for appellant.

*Miles F. McDonald, District Attorney* (*Frank Di Lalla* of counsel), for respondent.

*Per Curiam.* The defendant-appellant is charged with vagrancy in violation of clause (f) of subdivision 4 of section 887 of the Code of Criminal Procedure which provides that a person is a vagrant '' who in any way, aids or abets or participates in the doing of any of the acts or things enumerated in subdivision four of section eight hundred eighty-seven of the code of criminal procedure.''

The learned Magistrate determined the facts established that the defendant aided and abetted and participated in loitering in a thoroughfare for the purpose of procuring another to perform a lewd and indecent act, and he therefore violated clause (c) of subdivision 4 of section 887 of the Code of Criminal Procedure. He further found that Montgomery not the defendant was the solicitor of the lewd and indecent conduct. The defendant is what may be characterized as the male customer of the prostitute.

Clause (c) provides that the person is guilty '' who loiters in or near any thoroughfare or public or private place for the purpose of inducing, enticing or procuring another to commit lewdness, fornication, unlawful sexual intercourse or any other indecent act.''

The Appellate Part of this court has held in a long line of cases that those who violate clause (f) of subdivision 4 are those who assist or take part in the act of offering to procure persons for prostitution or lewd and indecent acts. In this case, as found by the Magistrate, Montgomery and not the defendant was the solicitor of the lewd and indecent acts. (*People* v. *Shiffman,* decided May 6, 1937. *People* v. *Saperstein,* decided January 21, 1939. *People* v. *Whitman,* N. Y. L. J., Dec. 21, 1951, p. 1736, col. 3; *People* v. *Berger,* 169 N. Y. S. 319; *People* v. *Mosca,* decided December 28, 1939.)

The judgment of conviction is reversed, the complaint is dismissed and the defendant is discharged.

PERLMAN, CULKIN and SILVER, JJ., concur.

Judgment reversed.